| | |
|---|---|
| DISTRICT COURT, ADAMS COUNTY, STATE OF COLORADO<br>1100 Judicial Center Drive, Brighton, Colorado  80601 | DATE FILED: April 20, 2023 1:02 PM<br>FILING ID: 5FB048FDD6500<br>CASE NUMBER: 2023CV30569 |
| PLAINTIFF:  ANGELO MENTZ<br><br>v.<br><br>DEFENDANTS:  SAFEWAY INC. and ALBERTSON'S LLC DBA SAFEWAY | ▲ COURT USE ONLY ▲ |
| Frank G. Vigil, Esq.<br>Vigil Law Offices, P.C.<br>3900 South Wadsworth Blvd., Ste. 305<br>Lakewood, CO  80235<br>Phone Number: (303) 894-9400<br>Frank@vigillawofficespc.com<br>Attorney Reg. #23628<br>Attorney for Plaintiff | Case No.<br><br>Ctrm./Div. |
| **COMPLAINT WITH JURY DEMAND** | |

COMES NOW Plaintiff, Angelo Mentz, by and through his attorney, Frank G. Vigil, Esq., of the Vigil Law Offices, P.C., and for his Complaint against Defendants, and further states and alleges as follows:

I.  BACKGROUND

1. This is an action for compensatory damages. Plaintiff was injured as a result of a trip and fall on a rug that the Defendants improperly placed and maintained on the premises.  As a result of improperly placing and maintaining the rug, the Plaintiff's foot was caught up under the rug causing him to fall thereby causing injuries to the Plaintiff.

II.  JURISDICTION AND VENUE

2. Venue in Adams County, Colorado is proper pursuant to C.R.C.P. Rule 98(c), since Plaintiff resides and was injured in Adams County.

III. PARTIES

3. On the date of the matter described herein and at all times relevant, Plaintiff, was, and currently is, a resident of the State of Colorado, Adams County, located at 1201 West Thornton Parkway, Unit 58, Thornton, Colorado.

4. Upon information and belief, at all times material hereto, Defendant Safeway Inc. is and was a Delaware corporation, conducting business in the State of Colorado. It's agent for service

EXHIBIT A

of process is The CT Corporation System, 7700 E. Arapahoe Road, Ste. 220, Centennial, CO 80112.

5. Upon information and belief, and at all times material hereto, Defendant Safeway Inc. was a subsidiary of Albertson's LLC. Thus Albertson's LLC was an owner of the Safeway located at 10300 Federal Boulevard, Federal Heights, CO 80260. It's agent for service of process is The CT Corporation System, 7700 E. Arapahoe Road, Suite 220, Centennial, CO 80112.

## IV. CLAIM FOR RELIEF

6. At all times material hereto, the Defendants had a non—delegable duty to entrants on the land such as invitees and licensees.

7. At all times material hereto, Plaintiff was an invitee as the term "invitee" is contemplated by C.R.S. §13-21-115 and its subparts.

8. On or about April 22, 2021, in the afternoon, Plaintiff was on the premises of Defendants to shop for food and necessities.

9. While Plaintiff was shopping at the Safeway store #1635 located at 10300 Federal Blvd, Federal Heights, Colorado, the Defendants improperly placed and failed to maintain a rug on the premises. As a result of improperly placing and maintaining the rug, the Plaintiff's foot was caught up under the rug causing him to fall thereby causing injury to the Plaintiff.

10. At all times material hereto, Defendants knew or should have known, before Plaintiff fell, that the rug was improperly placed and was not maintained. Defendants failed to place any warning signs near the dangerous condition.

11. At all times material hereto, Defendants, their employees, and/or agents, knew or should have known that the rug was improperly place and was not maintained where patrons walked in the premises.

12. At all times material hereto, Defendants, their employees, and/or agents, knew or should have known that the area where the rug was improperly placed and not maintained created a hazardous condition.

13. At all times material hereto, Defendants, their employees, and/or agents, knew or should have known that the walkway in the store where the rug was improperly placed and not maintained, needed maintenance attention before Plaintiff tripped and fell.

14. Defendants, their employees, and/or agents, did nothing to notify the public of the hazardous condition on the walkway in the store.

15. At all times material hereto, Defendants had a non-delegable duty to Plaintiff to maintain the premises.

16. At all times material hereto, Defendants had a duty to maintain and keep up the walkway areas used by invitees to walk around their store.

17. At all times material hereto, Defendants' conduct was an unreasonable failure to exercise reasonable care to protect against dangers of which it actually knew or should have known.

18. At all times material hereto, Defendants were negligent and/or careless and/or violated the Premises Liability Act in that Defendants failed to exercise reasonable care to protect against dangers of which they actually knew or should have known.

19. At all times material hereto, Defendants were negligent and/or careless and/or violated the Premises Liability Act in that Defendants failed to exercise reasonable care with respect to the dangers created by the landowner and/or landowner's employees and/or agents, and each of them of which the landowner and/or landowner's employees and/or agents actually knew and/or failed to warn of dangers not created by the landowner which are not ordinarily present on property of the type involved and of which the landowner and/or landowner's employees and/or agents actually knew.

20. As a direct and proximate result of Defendants' negligence and/or carelessness and/or violation of the Premises Liability Act, Plaintiff has endured traumatic injuries causing among other things, the following: (1) Full Thickness/Complete Rupture Rotator Cuff Tear of Left Shoulder; (2) Osteoarthritis of the Carpometacarpal Joint of the Thumb; (3) Other and further injuries to her muscular and skeletal systems; and (4) Other and further injuries to be discovered at or before trial.

21. As a direct and proximate result of Defendants' negligence and/or carelessness and/or violation of the Premises Liability Act, Plaintiff has endured pain and suffering, incurred loss of enjoyment of life, incurred expenses for the services of doctors, physical therapists, and other healthcare providers, diagnostic testing, and medical supplies, incurred out-of-pocket expenses including but not limited to, mileage, physical impairment, all past and future, all to her detriment and all as a direct and proximate result of the negligence and/or carelessness of Defendants.

22. As a direct and proximate result of Defendants' negligence and/or carelessness and/or violation of the Premises Liability Act, Plaintiff has been rendered more vulnerable to subsequent injuries, including but not limited to increased risk of additional or other injury.

WHEREFORE the Plaintiff prays for damages and requests a Jury determine the following issues:

    A.    The Defendant's liability for the Plaintiff's damages.
    B.    Damages for past and future pain and suffering;
    B.    Damages for medical expenses.
    E.    Damages for past and future loss of enjoyment of life including loss of consortium;

3

    F.    Any relief a Jury deems just and necessary; and
    F.    Plaintiff also prays for interest from the date of this accident, cost of this action, and such further relief as this Court deems just and proper, and as permitted by Colorado Statutes.

Dated: 04-20-23

VIGIL LAW OFFICES, P.C.

*This document was filed electronically. The original signed document is on file Vigil Law Offices, P.C.*
By:*/s/ Frank G. Vigil*
Frank G. Vigil, #23628
Attorney for Plaintiff

Plaintiff's Address:
1201 West Thornton Parkway, Unit 58
Thornton, Colorado, 80260